T.C. Summary Opinion 2005-19

UNITED STATES TAX COURT

THOMAS FRANCIS MORRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10146-04S.                    Filed February 23, 2005.

Thomas Francis Morris, pro se.

<u>Nina P. Ching</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined that petitioner is liable for a deficiency in Federal income tax for the taxable year 1999 in the amount of $12,410. Following respondent's concession that petitioner overpaid his 1999 tax by $5,783, the issue for decision is whether the overpayment is time barred by section 6511(b)(2).

Some of the facts have been stipulated, and they are so found. The stipulation of facts and exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Nashua, New Hampshire.

During 1999 petitioner was employed by Alpha Processor, Inc. and received salary in the amount of $63,139. The salary was subject to withholding in the amount of $15,127. Petitioner did not file a Federal income tax return for 1999. By letter dated December 1, 2003, respondent advised petitioner that respondent had not received petitioner's return and calculated a tax based on information provided by third parties. On March 12, 2004, respondent issued a notice of deficiency to petitioner determining a deficiency for the taxable year 1999.[1] A timely petition was filed.

---

[1] Respondent also issued a notice of deficiency dated Mar. 26, 2004. The notice is a duplicate of the Mar. 12, 2004, notice. It appears that the notice was issued in error, and in any event a timely petition was filed in response to the March 12 notice, and accordingly the March 26 notice is of no consequence.

At some later point, petitioner presented information with respect to itemized deductions, and the parties appear to agree that the deficiency is $9,344 and that there was excess withholding for 1999 in the amount of $5,783.

Because the parties agree that petitioner's withholding credits exceed the amount of tax due as redetermined, the question is whether petitioner is entitled to a refund of an overpayment in the amount of $5,783 for the 1999 taxable year. The only issue related to this overpayment is whether it is time barred by section 6511(b)(2).

Petitioner claims that he is entitled to a determination of an overpayment of his 1999 Federal income tax and that the overpayment should be refunded to him. Respondent contends that petitioner is not entitled to a refund of an overpayment because of the limitations of sections 6511 and 6512(b). In response, petitioner asserts that respondent deliberately timed the notice of deficiency so as to prevent petitioner from obtaining credit for the overpayment of tax.

Pursuant to section 6512(b)(1), we have jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for years that are properly before us. However, if a taxpayer did not file a return before the notice of deficiency was mailed, the amount of the credit or refund is limited to the taxes paid during the 2-year period prior to the

date the deficiency notice was mailed.  See secs. 6511(b)(2),[2]

6512(b)(3)(B); Commissioner v. Lundy, 516 U.S. 235, 243-244

(1996); Hart v. Commissioner, T.C. Memo. 1999-186; Stevens v.

Commissioner, T.C. Memo. 1996-250.

In general a taxpayer bears the burden of proof.  See Rule

142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The burden

---

[2] Sec. 6511(a) generally provides that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever period expires later.  Sec. 6511(a) also expressly provides that, if no return is filed, the claim must be filed within 2 years from the time the tax was paid.  Sec. 6511(b)(2) provides limitations on the amount of any credit or refund as follows:

(2)  Limit on amount of credit or refund.--

(A)  Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.  If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

(B)  Limit where claim not filed within 3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

(C)  Limit if no claim filed.--If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

as to factual issues may shift to the Commissioner under certain prescribed circumstances.  Sec. 7491(a).  In the present case, there is no dispute with respect to any factual issues, and therefore section 7491(a) is not applicable.

The notice of deficiency reflects tax payments petitioner made for 1999 as withholding credits.[3]  Such payments are deemed to have been made as of April 15, 2000.  See sec. 6513(b)(1).  Since the withholding taxes were paid more than 2 years before the notice of deficiency was mailed, March 12, 2004, petitioner is not entitled to a refund of any part of an overpayment for 1999.

We do not accept petitioner's assertion that respondent waited to notify petitioner of the failure to file a return, so as to preclude the refund of the overpayment.  There is nothing in this record reflecting such motivation by respondent, and in any event respondent is permitted to examine tax years, determine a deficiency, and make an assessment within the applicable period of limitations provided under section 6501.  In a situation where a taxpayer does not file a Federal income tax return, respondent may determine a deficiency and assess a tax at any time.  Sec. 6501(c)(3).  The inability of petitioner to obtain a refund of

---

[3]  We note that the determination of a statutory deficiency does not take such amount into account.  See sec. 6211(b)(1).  However, the withholding will be credited and applied against the deficiency.

his overpayment is the direct result of his failure to file a return and pursuant to the application of the above-described provisions of the Internal Revenue Code.

We therefore hold that the statutorily imposed time limitations of sections 6511 and 6512 bar us from determining that petitioner is entitled to a refund with respect to his 1999 tax.  See Commissioner v. Lundy, supra; Badger v. Commissioner, T.C. Memo. 1996-314; Stevens v. Commissioner, supra.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

> Decision will be entered for respondent as to the deficiency in the amount of $9,344 and for respondent as to the overpayment.